THE STATE EX REL. COLLINS, APPELLANT, *v.* LEONARD, WARDEN, APPELLEE.

[Cite as *State ex rel. Collins v. Leonard* (1997), 80 Ohio St.3d 477.]

(No. 97–1351—Submitted December 3, 1997—Decided December 31, 1997.)

*Robert E. Collins,* pro se.

*Betty D. Montgomery,* Attorney General, and *Donald Gary Keyser,* Assistant Attorney General, for appellee.

---

***Per Curiam.*** Collins asserts in his propositions of law that the court of appeals erred in dismissing his habeas corpus petition because his trial court lacked jurisdiction to convict and sentence him after it failed to comply with R.C. 2945.06. R.C. 2945.06 specifies certain requirements "[i]n any case in which a defendant waives his right to trial by jury and elects to be tried by the court under section 2945.05 of the Revised Code." R.C. 2945.05 and 2945.06 must consequently be construed *in pari materia.* See, *e.g., State ex rel. Larkins v. Baker* (1995), 73 Ohio St.3d 658, 659–660, 653 N.E.2d 701, 703.

We hold that an alleged violation of R.C. 2945.06 is not a proper subject for habeas corpus relief and may be remedied only in a direct appeal from a criminal conviction. See, *e.g., Jackson v. Rose* (1997), 79 Ohio St.3d 51, 679 N.E.2d 684; *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph two of the syllabus; see, also, *State v. Post* (1987), 32 Ohio St.3d 380, 393, 513 N.E.2d 754, 767, where we addressed a claimed violation of R.C. 2945.06 in a direct appeal from a criminal conviction. In addition, we have never held that the failure to comply with the R.C. 2945.06 witness-examination requirement is a jurisdictional defect. Cf. *Pless.*

Based on the foregoing, the court of appeals properly dismissed the petition. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.